IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVA WANAMAKER<br>338 W. Master Street<br>Philadelphia, PA 19122<br><br>                                 Plaintiff,<br>     vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>601 Experian Way<br>Allen, TX 75013<br><br> and<br><br>GINNY'S, INC.<br>c/o CORPORATION SERVICE COMPANY<br>8040 Excelsior Drive, Suite 400<br>Madison, WI  53717-2915<br><br>                                Defendants. | CIVIL ACTION<br><br>NO. |

**COMPLAINT**

I. **INTRODUCTION**

1. This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2. The FCRA requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy when reporting credit information. The consumer reporting agency, Experian, failed to employ reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report because it failed to report that certain credit accounts were discharged in bankruptcy.

3. Also, a consumer report can only be obtained by one who has a permissible purpose to do so. By obtaining Plaintiff's consumer report after her debt had been discharged in

bankruptcy, Ginny's Inc. had no permissible purpose to pull Plaintiff's credit report in violation of the FCRA.

## II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331, 1337.

## III. PARTIES

5. Plaintiff Eva Wanamaker is a consumer who resides at the address captioned above.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with an office for the regular transaction of business at the captioned address.

7. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

8. Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

9. Experian disburses or provides such consumer reports to third parties under contract for monetary compensation.

10. Defendant Ginny's Inc. ("Ginny's") is a foreign corporation with an office for the regular transaction of business at the captioned address.

## IV. STATEMENT OF CLAIM

*Ms. Wanamaker's Bankruptcy*

11. In March 2018, Plaintiff Eva Wanamaker instituted Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 18-11897-JKF.

12. Included within Ms. Wanamaker's bankruptcy petition was a disputed debt to "GINNYS/SWISS COLONY INC."

13.     On June 22, 2018, the Bankruptcy Court entered an Order discharging Ms. Wanamaker's debts, including the alleged debt to Defendant Ginny's.

14.     By notice dated June 24, 2018, the Bankruptcy Court sent notice of the discharge to Defendant Ginny's.

***Experian's Reporting of the Discharged Account was Inaccurate***

15.     Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining a "fresh start."

16.     On or about May 4, 2020, Plaintiff obtained her consumer credit reports to make sure the bankruptcy reporting was accurate.

17.     Plaintiff discovered that her Experian report showed the Ginny's account as having a status of "charged off," as of May 2017.

18.     Experian had been reporting a "charged off" status as of May 2017 with a $0 balance in the payment history, however they also reported that $70 had been written off.

19.     The Experian reporting of the Ginny's account made no mention that the alleged debt was discharged in bankruptcy.

20.     Coincidentally, Experian was also reporting Plaintiff's bankruptcy discharge in May 2020.

21.     The status of "Charge Off" (or "CO" on the Experian report) in the credit reporting industry guidelines means that a debt may be owed.

22.     Defendant Experian knew or had reason to know that its reporting of the Ginny's account was inaccurate because it was also reporting Plaintiff's bankruptcy as discharged in May 2020 and Plaintiff's other bankruptcy debts as discharged.

23. None of the other consumer reporting agencies (CRAs) were inaccurately reporting this alleged debt as owing, charged off, or anything other than discharged in bankruptcy.

24. Upon information and belief, Experian proactively sought out and paid for Plaintiff's Public Record bankruptcy information in order to post it to her credit report. The CRAs have been conducting such inquiries via third party vendors for many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to the consumers' credit reports.

25. Defendant Experian does not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing definitely report that the debt was either paid or discharged in bankruptcy as to not continue to report derogatory payment history after the bankruptcy was filed.

26. Experian is reporting Plaintiff may owe a debt that she does not actually owe, thereby damaging her credit profile.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

28. Defendant's reporting is particularly aggravating of Plaintiff's damages because Defendant's inaccurate reporting damaged Plaintiff's credit, which she is attempting to rebuild after bankruptcy.

29. This caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe a debt she no longer owes.

30. Under the FCRA, a consumer reporting agency like Experian must establish and follow reasonable procedures to assure maximum possible accuracy of the information in its credit reports.  15 U.S.C. § 1681e(b)

31. Experian willfully and/or negligently failed to do that here when it caused an inaccurate trade line to appear on Plaintiff's credit report.

32. Experian continued to report inaccurate information, available to any potential credit grantor who accessed Plaintiff's credit report.

33. As a result of Defendant's willful, wanton, reckless, and/or negligent conduct, Plaintiff has been damaged.

34. As a result of the false and derogatory information reported by Defendant, Plaintiff has been damaged.

35. Plaintiff has suffered emotional distress, worry, humiliation, and embarrassment as a result of Defendant's actions.

***Ginny's Impermissibly Accessed Plaintiff's Credit Report after Discharge***

36. The May 4, 2020 Experian credit report also indicated that Ginny's, listed on the report as "Colony" accessed Ms. Wanamaker's consumer credit report on October 5, 2019.

37. Despite the discharge of the Ginny's account, and thus Ms. Wanamaker no longer having a credit relationship with Ginny's, the creditor obtained her consumer report.

38. Pursuant to 15 U.S.C. § 1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, an account review, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

39. After the bankruptcy discharge, there was no longer any Ginny's account to review.

40. Ginny's had no permissible purpose to obtain Ms. Wanamaker's consumer report on October 5, 2019.

41. As a result of Ginny's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

42. On information and belief, Ginny's has a pattern and practice regularly obtains consumer reports on consumers without a permissible purpose.

43. Plaintiff's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendant.

44. Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Ginny's actions.

## COUNT I
### FAIR CREDIT REPORTING ACT
**(Eva Wanamaker v. Experian)**

45. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

46. Experian willfully, and/or negligently violated the FCRA by failing, in the preparation of the consumer reports concerning Plaintiff, to establish or follow reasonable procedures to assure maximum possible accuracy of the information in the reports. 15 U.S.C. § 1681e(b).

**WHEREFORE**, Plaintiff Eva Wanamaker demands judgment against Defendant Experian for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) Attorney's fees and costs;

(d) A declaration that Defendant's reporting is inaccurate; and

(e) Such other and further relief as the Court shall deem just and proper.

## COUNT II
### FAIR CREDIT REPORTING ACT
**(Eva Wanamaker v. Ginny's)**

47. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

48. Ginny's violated the Fair Credit Reporting Act by willfully and/or negligently obtaining Plaintiff's consumer credit report without a statutorily permissible purpose or upon false pretenses. 15 U.S.C. § 1681b, 1681q; 1681n and §1681o.

**WHEREFORE**, Plaintiff Eva Wanamaker demands judgment against Defendant Ginny's for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d) Return of his credit information and deletion of the inquiry;

(e) Attorney's fees and costs; and

(f) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

                Respectfully submitted:

Date:  January 25, 2021            */s/Andrew M. Milz*
                                             CARY L. FLITTER
                                             ANDREW M. MILZ
                                             JODY THOMAS LÓPEZ-JACOBS
                                             Attorneys for Plaintiff

                                             **FLITTER MILZ, P.C.**
                                             450 N Narberth Ave, Ste 101
                                             Narberth, PA 19072
                                             610-266-7863