# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

EVA WANAMAKER

                Plaintiff,

      v.

EXPERIAN INFORMATION SOLUTIONS, INC.

 and

GINNY'S, INC.

                Defendants.

Case No. 2:21-cv-00350

Hon. Gene E.K. Pratter

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian") denies every allegation in Plaintiff Eva Wanamaker's Complaint except as expressly admitted below. Experian further denies that Plaintiff is entitled to any relief whatsoever. Experian answers the specific allegations as follows:

**1.** In response to Paragraph 1, Experian denies that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, or any law whatsoever.

**2.** In response to Paragraph 2, Experian states that the FCRA is clear on its face and, on that basis, denies all allegations inconsistent therewith.

**3.** In response to Paragraph 3, Experian states that the FCRA creates and defines the permissible purposes for obtaining consumer reports and that such statute is clear on its face. On that basis, denies all allegations inconsistent therewith.

**4.** In response to Paragraph 4, Experian states that such allegations are wholly legal conclusions and not subject to admission or denial.

**5.** In response to Paragraph 5, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

**6.** In response to Paragraph 6, Experian admits only that it is an Ohio Corporation with its principal place of business in Costa Mesa, California, and that it is qualified to and does do business in the state of Pennsylvania. Experian denies all other allegations.

**7.** In response to Paragraph 7, Experian admits only that it is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian denies all other allegations.

**8.** In response to Paragraph 8, Experian admits only that, as a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), Experian regularly prepares consumer reports to third parties as defined by 15 U.S.C. § 1681a(d). Experian denies all other allegations.

**9.** In response to Paragraph 9, Experian admits only that, as a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), Experian regularly prepares consumer reports to third parties as defined by 15 U.S.C. § 1681a(d). Experian denies all other allegations.

**10.** In response to Paragraph 10, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

**11.** In response to Paragraph 11, Experian states that the docketed entries and orders of bankruptcy case No. 18-11897, in the United States Bankruptcy Court for the Eastern District of

Pennsylvania, are clear on their face and speak for themselves and, on that basis, Experian denies all allegations inconsistent therewith.

12. In response to Paragraph 12, Experian states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Experian denies all allegations inconsistent therewith.

13. In response to Paragraph 13, Experian states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Experian denies all allegations inconsistent therewith.

14. In response to Paragraph 14, Experian states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Experian denies all allegations inconsistent therewith.

15. In response to Paragraph 15, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

16. In response to Paragraph 16, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

17. In response to Paragraph 17, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**18.** In response to Paragraph 18, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**19.** In response to Paragraph 19, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**20.** In response to Paragraph 20, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**21.** In response to Paragraph 21, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**22.** In response to Paragraph 22, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**23.** In response to Paragraph 23, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**24.** In response to Paragraph 24, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**25.** In response to Paragraph 25, Experian denies the allegations contained therein.

**26.** In response to Paragraph 26, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**27.** In response to Paragraph 27, Experian denies the allegations contained therein.

**28.** In response to Paragraph 28, Experian denies the allegations contained therein.

29. In response to Paragraph 29, Experian denies the allegations contained therein.

30. In response to Paragraph 30, Experian states that the FCRA, 15 U.S.C. § 1681e(b) is clear on its face and, on that basis, Experian denies all allegations inconsistent therewith.

31. In response to Paragraph 31, Experian denies the allegations therein.

32. In response to Paragraph 32, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

33. In response to Paragraph 33, Experian denies the allegations contained therein.

34. In response to Paragraph 34, Experian denies the allegations contained therein.

35. In response to Paragraph 35, Experian denies the allegations contained therein.

36. In response to Paragraph 36, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

37. In response to Paragraph 37, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

38. In response to Paragraph 38, Experian states that the FCRA is clear on its face and, on that basis, denies all allegations inconsistent therewith.

39. In response to Paragraph 39, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

40. In response to Paragraph 40, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**41.** In response to Paragraph 41, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**42.** In response to Paragraph 42, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**43.** In response to Paragraph 43, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

**44.** In response to Paragraph 44, Experian states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

### As to "Count I-Fair Credit Reporting Act-Eva Wanamaker v. Experian"

**45.** In response to Paragraph 45, Experian incorporates and restates its answers to all prior allegations as though fully set forth herein.

**46.** In response to Paragraph 46, Experian denies such allegations.

In response to the unnumbered paragraphs beginning with **WHEREFORE**, Experian denies that Plaintiff is entitled to judgment against Experian or any relief whatsoever from Experian in this action. By way of further response, Experian denies in all respects that it has defamed Plaintiff, and Experian denies that Plaintiff is entitled to any recovery in this litigation against Experian.

### As to "Count II-Fair Credit Reporting Act-Eva Wanamaker v. Ginny's"

**47.** In response to Paragraph 47, Experian restates and incorporates its answers to all prior allegations as though fully set forth herein.

**48.** In response to Paragraph 48, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

In response to the unnumbered paragraphs beginning with **WHEREFORE**, Experian denies that Plaintiff is entitled to judgment against Experian or any relief whatsoever from Experian in this action. By way of further response, Experian denies in all respects that it has defamed Plaintiff, and Experian denies that Plaintiff is entitled to any recovery in this litigation against Experian.

## As to "Demand for Jury Trial"

In response to Plaintiff's demand for jury trial, Experian admits that Plaintiff has so demanded.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE

## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## NINTH AFFIRMATIVE DEFENSE

## (COMPLIANCE WITH LEGAL REQUIREMENTS)

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA. Experian has at all times complied with all applicable statutory, regulatory, and common law requirements, and accordingly,

Plaintiff's claims are barred by Experian's compliance with all applicable State, Federal, and local laws and regulations.

## TENTH DEFENSE
## (PUNITIVE DAMAGES)

Plaintiff's claim for punitive damages fails to state a claim for relief for punitive damages. Further, Plaintiff does not allege facts sufficient to rise to the level of conduct required to recover punitive damages. Plaintiff's claims for punitive damages also violate the U.S. Constitution and the Constitution of the State of Pennsylvania.

## ELEVENTH DEFENSE
## (ADDITIONAL DEFENSES)

Experian adopts and incorporates herein any affirmative defenses asserted by any other defendant to this action. Moreover, Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint and that this Action, and specifically all relief requested in Plaintiff's Prayer, be dismissed in its entirety;

(2) For costs of suit and attorneys' fees incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated:  February  18, 2021                    Respectfully submitted,

<u>*/s/  Mohammad A. Ghiasuddin*</u>
Mohammad A. Ghiasuddin, Esq.
Pa. Bar No. 83925
MARGOLIS EDELSTEIN
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: 215-931-5802
Facsimile: 215-922-1772
Email: mghiasuddin@margolisedelstein.com

*Attorney for Defendant Experian Information Solutions, Inc.*

# CERTIFICATE OF SERVICE

      I, Mohammad Ghiasuddin, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing on February 18, 2021.

Dated: <u>February 18, 2021</u>                                    <u>*/s/ Mohammad Ghiasuddin*</u>
                                                                             Mohammad Ghiasuddin