UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVA WANAMAKER<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>and<br><br>GINNY'S, INC.<br><br>Defendants. | Case No. 2:21-cv-00350<br><br>Hon. Gene E.K. Pratter |

**DEFENDANT GINNY'S, INC.'S**
<u>**ANSWER AND DEFENSES**</u>

Defendant Ginny's, Inc. ("Ginny's") denies every allegation in Plaintiff Eva Wanamaker's Complaint except as expressly admitted below. Ginny's further denies that Plaintiff is entitled to any relief whatsoever. Ginny's answers the specific allegations as follows:

1.  In response to Paragraph 1, Ginny's denies that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., or any law whatsoever.

2.  In response to Paragraph 2, Ginny's states that the FCRA is clear on its face and, on that basis, denies all allegations inconsistent therewith.

3.  In response to Paragraph 3, Ginny's states that the FCRA creates and defines the permissible purposes for obtaining consumer reports and that such statute is clear on its face. On that basis, denies all allegations inconsistent therewith.

4. In response to Paragraph 4, Ginny's states that such allegations are wholly legal conclusions and not subject to admission or denial.

5. In response to Paragraph 5, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

6. In response to Paragraph 6, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

7. In response to Paragraph 7, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

8. In response to Paragraph 8, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

9. In response to Paragraph 9, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

10. In response to Paragraph 10, Ginny's admits only that its principal place of business is in Wisconsin. Ginny's denies the remaining allegations of this paragraph not expressly admitted herein.

11. In response to Paragraph 11, Ginny's states that the docketed entries and orders of bankruptcy case No. 18-11897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Ginny's denies all allegations inconsistent therewith.

12. In response to Paragraph 12, Ginny's states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Ginny's denies all allegations inconsistent therewith.

13. In response to Paragraph 13, Ginny's states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Ginny's denies all allegations inconsistent therewith.

14. In response to Paragraph 14, Ginny's states that the docketed entries and orders of bankruptcy case No. 18-111897, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, are clear on their face and speak for themselves and, on that basis, Ginny's denies all allegations inconsistent therewith.

15. In response to Paragraph 15, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

16. In response to Paragraph 16, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

17. In response to Paragraph 17, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

18. In response to Paragraph 18, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

19. In response to Paragraph 19, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

20. In response to Paragraph 20, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

21. In response to Paragraph 21, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

22. In response to Paragraph 22, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

23. In response to Paragraph 23, Ginny's states that it lacks knowledge or information sufficient to from a belief as to the truth of such allegations.

24. In response to Paragraph 24, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

25. In response to Paragraph 25, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's

states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

26. In response to Paragraph 26, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

27. In response to Paragraph 27, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

28. In response to Paragraph 28, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

29. In response to Paragraph 29, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

30. In response to Paragraph 30, Ginny's states that the FCRA, 15 U.S.C. § 1681e(b) is clear on its face and, on that basis, Ginny's denies all allegations inconsistent therewith.

31. In response to Paragraph 31, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's

states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

32. In response to Paragraph 32, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

33. In response to Paragraph 33, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

34. In response to Paragraph 34, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

35. In response to Paragraph 35, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

36. In response to Paragraph 36, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

37. In response to Paragraph 37, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

38. In response to Paragraph 38, Ginny's states that the FCRA, 15 U.S.C. § 1681e(b) is clear on its face and, on that basis, Ginny's denies all allegations inconsistent therewith.

39. In response to Paragraph 39, Ginny's denies the allegations contained therein.

40. In response to Paragraph 40, Ginny's denies the allegations contained therein.

41. In response to Paragraph 41, Ginny's denies the allegations contained therein.

42. In response to Paragraph 42, Ginny's denies the allegations contained therein.

43. In response to Paragraph 43, Ginny's denies the allegations contained therein.

44. In response to Paragraph 44, Ginny's denies the allegations contained therein.

**As to "Count I-Fair Credit Reporting Act-Eva Wanamaker v. Ginny's"**

45. In response to Paragraph 45, Ginny's incorporates and restates its answers to all prior allegations as though fully set forth herein.

46. In response to Paragraph 46, In response to Paragraph 31, the allegations are directed against a party other than Ginny's, and therefore, no response is required. To the extent that a response is required, Ginny's states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis, the allegations are denied.

In response to the unnumbered paragraphs beginning with **WHEREFORE**, Ginny's denies that Plaintiff is entitled to judgment against Ginny's or any relief whatsoever from Ginny's in this action. By way of further response, Ginny's denies in all respects that it has defamed Plaintiff, and Ginny's denies that Plaintiff is entitled to any recovery in this litigation against Ginny's.

### As to "Count II-Fair Credit Reporting Act-Eva Wanamaker v. Ginny's"

47. In response to Paragraph 47, Ginny's restates and incorporates its answers to all prior allegations as though fully set forth herein.

48. In response to Paragraph 48, Ginny's denies the allegations contained therein.

In response to the unnumbered paragraphs beginning with **WHEREFORE**, Ginny's denies that Plaintiff is entitled to judgment against Ginny's or any relief whatsoever from Ginny's in this action. By way of further response, Ginny's denies in all respects that it has defamed Plaintiff, and Ginny's denies that Plaintiff is entitled to any recovery in this litigation against Ginny's.

### As to "Demand for Jury Trial"

In response to Plaintiff's demand for jury trial, Ginny's admits that Plaintiff has so demanded.

### DEFENSES

1. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or the doctrines of estoppel, waiver and laches.

2. Plaintiff's claims may be barred in whole or in part because Plaintiff consented to any conduct alleged in the Complaint.

3. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Ginny's reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

4. Although Ginny's denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona

fide error despite reasonable procedures implemented by Ginny's. Ginny's acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Ginny's.

5. To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Ginny's continues to deny, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons or entities other than Ginny's, over whom Ginny's had no control, and for whose conduct Ginny's is not responsible, which bars or diminishes any recovery by Plaintiff against Ginny's.

6. Ginny's is not liable to Plaintiff for any alleged violations because even if Plaintiff can show a violation, such a violation was not intentional. Rather, any violation alleged by Plaintiff, if it occurred, was the result of bona fide error that occurred in spite of Ginny's established procedures reasonably adapted to avoid such errors.

7. Ginny's specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

8. Ginny's specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

9. Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

10. Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by Ginny's.

11. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiff's alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

12. Ginny's met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Ginny's.

13. Ginny's expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Ginny's respectfully requests the dismissal of the Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.

Respectfully submitted,

*/s Jonathan Marmo*
Jonathan M. Marmo (Pa. Bar: 312669)
**HOLLAND & KNIGHT LLP**
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(516) 395-1230
jonathan.marmo@hklaw.com

*Attorney for Defendant*
*Ginny's Inc.*

Dated: March 23, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 23, 2021

*/s/ Jonathan Marmo*
Jonathan M. Marmo
